During the time from the organization of the taxpayer to the end of the year 1921 the taxpayer purchased from time to time banking-house fixtures, furniture and equipment and used the same in its business, the dates of the acquisition thereof and the cost being as follows:

| | | | |
|---|---|---|---|
| 1904 | $502. 10 | 1915 | $48. 05 |
| 1907 | 275. 75 | 1916 | 22. 56 |
| 1908 | 253. 85 | 1919 | 575. 20 |
| 1909 | 304. 50 | 1920 | 2, 073. 68 |
| 1914 | 771. 25 | 1921 | 152. 48 |

A reasonable allowance for exhaustion, wear and tear of the fixtures, furniture and office equipment is an amount computed for each year on the basis of 6 per cent of the cost of the equipment in use during each year respectively.

### DECISION.

The deficiency for 1920, and the overassessments for 1919 and 1921, should all be computed in accordance with the foregoing findings of fact. Final determination will be settled on 15 days' notice, in accordance with Rule 50.

---

### APPEAL OF GEORGE W. BAUMHOFF.

Docket No. 1624. Submitted November 9, 1925. Decided January 19, 1926.

*Bernard Greensfelder, Esq.*, for the taxpayer.
*A. H. Fast* and *Robert A. Littleton, Esqs.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This appeal is from the determination of a deficiency of $1,722.30 in income tax for the year 1920, arising out of the sale of property and out of an exchange by the taxpayer of property for property. The issues are the cost of the property sold, the value of the property acquired, and the cost or March 1, 1913, value of the property disposed of by the exchange. Upon these issues there is much conflicting evidence, including the various opinions of witnesses as to the value and also the varying testimony of witnesses as to the facts.

### FINDINGS OF FACT.

On June 1, 1909, the taxpayer acquired a half interest in a farm in Jefferson County, Mo., from George Breidenbach in exchange for $5,000 cash, 34 shares of stock of the Keyes Farm & Dairy Co., and his promise to have Breidenbach elected president of the Keyes Company. The value of the 34 shares of stock at the time of this

exchange in 1909 was $544, and the cost of the taxpayer's half interest in the farm was $5,544. In the absence of any evidence of the value of this half interest in the farm on March 1, 1913, we find that it was no more than the cost of $5,544. This half interest was sold in the taxable year 1920 for $10,000, and the taxpayer thereby realized a gain of $4,456.

In 1904 the taxpayer acquired a farm in St. Louis County, Mo., which contained a frame building two years old. In 1920 the building became untenantable and dangerous because of erosion of the foundation and rotting of the supporting timbers, and it was torn down. In the absence of evidence of cost or March 1, 1913, value, or actual exhaustion, we find that the taxpayer sustained no loss in 1920.

In 1920 the taxpayer acquired 25,000 shares of stock in the Farm Products Land & Investment Co., a Colorado corporation, in exchange for (1) a half interest in a 620-acre farm in Jersey County, Ill., (2) 18 lots near Grafton, Ill., and (3) one-fifth of the total capital stock of the Herkert Realty Co., a Missouri corporation.

The value of the 25,000 shares of stock in the Farm Products Land & Investment Co., when acquired by the taxpayer in 1920, was $21,000.

The cost and March 1, 1913, value of the half interest of the taxpayer in the aforesaid 620-acre farm in Jersey County, Ill., was $5,236.52.

The aforesaid 18 lots near Grafton, Ill., were without value on March 1, 1913.

The aforesaid one-fifth of the capital stock of the Herkert Realty Co. had a value on March 1, 1913, of $9,000.

The taxpayer realized a gain, on the last-mentioned transaction of exchange, of $6,763.48.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be made on 15 days' notice, under Rule 50.

---

### APPEAL OF DAVID G. JOYCE.

Docket No. 476.  Submitted October 22, 1925.  Decided January 19, 1926.

The expense incurred by a husband in resisting a claim by his wife attacking the validity of a postnuptial agreement, which purported to limit and fix their respective property rights, is not an ordinary and necessary business expense, even though the husband's sole business or occupation was the management and conservation of his estate.